ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
(702) 450-5400; Fax: (702) 450-5451
eservice@egletlaw.com
          *-and-*
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
(775) 324-1500; Fax: (775) 284-0675
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLO CANNUSCIO, KEVIN O'DONNELL, individually and on behalf of all those similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO CHOICE INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO SECURE INSURANCE COMPANY, and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 2:21-cv-00613- RFB-BNW<br><br>**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO FILE AMENDED COMPLAINT** |

///

///

///

///

**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO FILE AMENDED COMPLAINT**

Plaintiffs CARLO CANNUSCIO and KEVIN O'DONNELL, by and through their counsel of record, Robert T. Eglet, Esq., Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendants GEICO ADVANTAGE INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO CHOICE INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, and GEICO SECURE INSURANCE COMPANY (collectively, "GEICO"), by and through their counsel of record, Damon N. Vocke, Esq. and Daniel B. Heidtke, Esq. of the law firm DUANE MORRIS LLP, for good cause shown, hereby stipulate and agree as follows:

1. Plaintiffs filed their Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829886-B. GEICO removed this action to this Court on April 29, 2021.

2. GEICO filed their Motion to Dismiss on May 14, 2021 [ECF No. 13].

3. Plaintiffs filed their Response to GEICO's Motion to Dismiss on June 14, 2021 [ECF No. 18].

4. GEICO filed a Reply in support of GEICO's Motion to Dismiss on July 9, 2021 [ECF No. 19].

5. That on February 9, 2021, the Honorable Richard F. Boulware, II heard GEICO's Motion to Dismiss and dismissed with prejudice all claims except the breach of implied covenant of good faith and fair dealing claim, tortious bad faith claim, and the Deceptive Trade Practices Act claim, which were dismissed without prejudice. The Court granted Plaintiffs leave to file an Amended Complaint with respect to Plaintiffs' claims that were dismissed without prejudice on or before Friday, March 11, 2022 [ECF No. 24].

6. Because the claims that were dismissed without prejudice must be pled with particularity, Plaintiffs need additional time to review Plaintiffs' e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiffs' claims

1  with particularity, Plaintiffs need additional time to thoroughly review their records to obtain this
2  information. Plaintiffs will also have to request some of this information from third parties, which
3  may take additional time.
4      7.   Thus, the Parties hereby stipulate that Plaintiffs shall have an additional sixty (60)
5  days to file an Amended Complaint.
6      8.   That Plaintiffs' Amended Complaint shall be due on or before May 11, 2022.
7      9.   That GEICO shall have an extension of thirty (30) days to file a Motion to Dismiss
8  Plaintiffs' Amended Complaint.
9      10.  The Parties agree that discovery remains stayed pending Plaintiffs filing an
10 Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiffs'
11 Amended Complaint.
12     11.  In this District, requests to stay discovery may be granted when: (1) the pending
13 motion is potentially dispositive; (2) the potentially dispositive motion can be decided without
14 additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the
15 potentially dispositive motion. *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011).
16 In doing so, the court must consider whether the pending motion is potentially dispositive of the
17 entire case, and whether that motion can be decided without additional discovery. *See Federal*
18 *Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL
19 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of
20 potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information*
21 *Solutions, Inc*., 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019)
22 (granting motion to stay discovery pending resolution of potentially dispositive motion to
23 dismiss).
24     12.  The Parties agree that GEICO's Motion to Dismiss raises potentially dispositive
25 legal and jurisdictional defenses to Plaintiffs' claims concerning GEICO's auto insurance rates
26 during the COVID pandemic.
27     13.  Pending resolution of GEICO's Motion to Dismiss, the Parties agree and stipulate
28 to a stay of discovery including, but not limited to, any discovery obligations set forth in Fed. R.

1  Civ. P. 26 and LR 26-1.

2  14. If the Court denies GEICO's Motion to Dismiss, in whole or in part, the Parties
3  agree to submit a Discovery Plan and Scheduling Order within thirty (30) days after entry of the
4  Court's Order on the Motion.

5  15. The Parties respectfully suggest that good cause exists to enter the stipulated stay
6  of discovery to preserve judicial and party resources and based on application of the factors set
7  forth in paragraph 11, above.

8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

16. The Parties represent that this stipulation is sought in good faith, is not interposed for delay, and is not filed for an improper purpose.

DATED this 9th day of March, 2022.  DATED this 9th day of March, 2022.

**EGLET ADAMS**  **DUANE MORRIS LLP**

*/s/ Robert T. Eglet, Esq.*  */s/ Daniel B. Heidtke, Esq.*
ROBERT T. EGLET, ESQ.  DANIEL B. HEIDTKE, ESQ.
Nevada Bar No. 3402  Nevada Bar No. 12975
DANIELLE C. MILLER, ESQ.  100 North City Parkway, Ste. 1560
Nevada Bar No. 9127  Las Vegas, NV 89106
TRACY A. EGLET, ESQ.      -and-
Nevada Bar No. 6419  DAMON N. VOCKE, ESQ.
400 S. Seventh St., Suite 400  (admitted pro hac vice)
Las Vegas, NV  89101  1540 Broadway
     -and-  New York, NY 10036-4086
MATTHEW L. SHARP, ESQ.  *Attorneys for Defendants*
Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
*Attorneys for Plaintiffs*

### ORDER
**IT IS SO ORDERED**

**DATED:** 11:17 am, March 10, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**